## J. C. RICHARDS v. THE STATE.

No. 7091. Decided June 21, 1922.

**1.—Theft—Statement of Facts—Authentication by Judge.**

The authentication of the statement of facts by the trial judge is made essential by statute, and in the absence thereof the instrument so denominated cannot be considered on appeal.

**2.—Same—Requested Charge—Practice on Appeal.**

In the absence of a statement of facts, this court has indulged the presumption that in refusing the special charge the trial judge acted properly.

**3.—Same—Evidence—Confession—Practice on Appeal.**

So far as it reveals the predicate for its introduction, the statements by defendant seemed to have been made while he was under arrest and was not reduced to writing, but whether they were made admissible by other testimony, this court is unable to determine, in the absence of a statement of facts. There was, therefore, no reversible error.

Appeal from the District Court of Eastland. Tried below before the Honorable E. A. Hill.

Appeal from a conviction of theft; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Chastain, Judkins & Chastain,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the offense of theft; punishment fixed at confinement in the penitentiary for a period of seven years.

We find no statement of facts that can be considered. The instrument so denominated bears neither the agreement of counsel nor the approval of the judge. The authentication of the statement of facts by the judge of the trial court is made essential by statute. Code of Crim. Proc., Art. 844c.

Two bills of exceptions are found. One relates to the refusal of the court to read to the jury a special charge prepared by the appellant concerning an explanation of his possession of recently stolen property. The propriety of giving this charge obviously would depend upon the evidence which was before the trial judge, but which is not before this court. In the absence of the statement of facts, we are compelled to indulge the presumption that in refusing the special charge, the trial judge acted properly.

In another bill, complaint is made of the receipt in evidence of certain oral statements made by the appellant and testified to by witnesses, which statements had to do with his connection with the alleged stolen property. In explaining the bill, the court refers to the statement of facts, which, as above stated, is not before us, and we are unable to appraise the merits in the absence of a statement of facts. So far as it reveals the predicate for its introduction, the statements seem to have been made while the appellant was under arrest and was not reduced to writing. Whether they were made admissible by the testimony, we are unable to determine. We do not know what facts were before the trial court. The trial court held that these statements were admissible. The rule is imperative that it is incumbent upon the appellant to show that a harmful error was committed; otherwise the presumption in favor of the correctness of the ruling of the trial court will prevail. The statute on confessions does not exclude all oral statements made while one is under arrest, and we must, under the circumstances, assume that the evidence complained of came within some of the exceptions named in Article 810 or 811 of the Penal Code.

· Finding no error, the judgment is affirmed.

*Affirmed.* ·